IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROGER DALE WILLIAMS,

        Petitioner,        Civil No. 10-534-HO

    v.                          ORDER

RICK COURSEY,

        Respondent.

HOGAN, District Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a judgment dated April 17, 2001 from the Linn County Circuit Court after a jury convicted him of one count of Murder with a Firearm and one count of Felon in Possession of a Firearm.  Exhibit 101.  The trial court imposed a sentence of Natural Life imprisonment, with a minimum of 300 months for the Murder count and a consecutive

1 - ORDER

24 months for the count of Felon in Possession. Id.

Petitioner directly appealed his convictions, but the Court of Appeals affirmed from the bench, and the Oregon Supreme Court denied review. Exhibits 106 - 112.

Petitioner filed Supplemental Petition for Post-Conviction Relief, Exhibit 113-115, but the Marion County Circuit Court denied relief. Exhibit 130. The Oreogn Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 131-134.

Petitioner filed a Petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging claims of ineffective assistance of trial and appellate counsel and prosecutorial misconduct. Petition (#2) p. 3-11.

Respondent moves to deny relief and dismiss this proceeding on the grounds that petitioner's claims are barred by the statute of limitations and are procedurally defaulted. Response (#9) p. 1.

Statute of limitations: The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 to provide a limitations period for filing federal habeas corpus petitions. Under § 2244(d) as amended, a petitioner now has one year from the date a direct appeal is final to file a federal habeas corpus. The one year limitations period is

2 - ORDER

tolled during the time a state collateral proceeding is pending. Time elapsed after the final judgment and before a collateral filing, and time after final collateral disposition and before federal filing counts against the year. <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

Respondent's argument that petitioner's petition was filed one day past the 365 day limitations period applicable to proceedings under § 2254 is based on the allegation that petitioner signed his petition in this proceeding on "May 10, 2010." Response to Petition (#9) p. 3.

Petitioner argues that his petition was signed on May 4, 2010. Petitioner's Response (#27) p. 2. Petitioner's petition supports his argument. *See*, Petition (#2) - certifying that the petition was signed and placed in the prison mailing system on May 4, 2010. Although the petition was filed with the court on May 7, 2010, the operation of the "Mail Box" Rule renders it filed on May 4, 2010.

Therefore, respondent's calculation of the limitations period is based on an incorrect date and the motion to deny petitioner's claims as time barred is denied.

<u>Exhaustion of state remedies:</u>   Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion

3 - ORDER

occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the

4 - ORDER

petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating

5 - ORDER

a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S.538, 559 (1998).

In this proceeding, petitioner alleges claims of ineffective assistance of trial and appellate counsel and prosecutorial misconduct. Some of these claims were listed on petitioner's PCR petition and supplemental petition. Exhibits 113-115. However, petitioner failed to allege *any* claims in his brief to the Oregon Court of Appeals. Exhibit 131. On his PCR appeal, his counsel filed a *Balfour* brief stating that he did not "identify any arguable meritorious issues on appeal," and petitioner did not fiel a "section B" brief. Id. Petitioner petitioned the Oregon Supreme Court for review, but again failed to allege any specific claims for relief.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings and therefore, cannot "fairly present" any additional claims to the Oregon state courts.[1] Thus, petitioner has procedurally defaulted all of

---

[1] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within

6 - ORDER

the claims he raises in this proceeding because he failed to present them to the Oregon Supreme Curt. *O'Sullivan*, 526 U.S. at 845, 846.

Petitioner argues that his PCR counsel is to blame for his failure to exhaust. However, there is no constitutional right to counsel in post-conviction proceedings. Colemam v. Thompson, 501 U.S. 722 (1993). Therefore, the actions of PCR counsel cannot be constitutionally ineffective assistance amounting to "cause" to excuse a procedural default. Id., at 752. Moreover, the record reflects that counsel properly filed a *Balfour* brief in his PCR appeal.

Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Therefore, petitioner's Petition (#2) is denied. This proceeding is dismissed.

---

35 days from the date of the Court of Appeals's decision. *See also*, ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

7 - ORDER

### Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

IT IS SO ORDERED

DATED this 10th day of October, 2011.

Michael R. Hogan
United States District Judge

8 - ORDER